Thank you, and may it please the Court. This is the rare Savings Clause case that is not that complicated. Chazen was complicated, both because Mathis and the categorical analysis is always complicated and Savings Clause jurisprudence is usually complicated, but this case is nearly identical to Chazen, and so Chazen really cleared the complexity away. The government is trying to make this case seem more difficult than it is. The government says that the court in this case needs to decide a choice of law issue that it's never decided, but it doesn't. I mean, first of all, the government made the same concession at the district level that it did in Chazen. The court could rely on that, but really more importantly, there's just no conflict between circuit law that this court has to figure out. Guenther's petition is based on Mathis, and since Mathis, both the Seventh Circuit and the Eighth Circuit have held that under Mathis, Minnesota burglary is not an act of predicate. Right, but to the choice of law question, in the civil context, if there's no conflict between one state's law and another state's law, there's just sort of a non-issue about a conflict of laws. This is habeas. It's different, and we have, as you started out your argument, a great deal of complexity and many very serious substantive issues sort of lurking beneath the surface of which the which circuit law applies is one of them, and it's all key to the nature of habeas. 2255 and the saving clause jurisprudence and the difference between the law in the circuit of confinement and the circuit of conviction, so I'm not sure we can escape that issue quite so easily as we might in the civil context where we would say there really isn't a conflict. We have a clear decision in the circuit of confinement here, CA7. We have uncertainty in CA8, sort of new uncertainty. It used to be not uncertain. Now it's uncertain. So we do have to, at some point, if not in this case, in a later case, decide that issue and why is this not the case to do it. I mean, that's how I read the government's argument. We have to decide it sometime. This case is as good as any, so let's decide it. Sure, and this court may have decided sometime, or perhaps the Supreme Court will take this up soon. The reason you don't have to say in this case is because the Eighth Circuit has held that under Mathis, Minnesota burglary is not an act of predicate. The government has an argument now because Quarles undermined the court's reasoning in that case, which was not the same reasoning this court used in Van Cannon, but the Eighth Circuit has specifically discussed Quarles since it happened in Raymond, and all it said is that it's been called into question and it sent it back to the district court. The government in that case argued that Quarles had abrogated MacArthur, and by abrogated, it's abrogating the holding, with the holding being that Minnesota burglary is not an act of predicate, and the court did not agree with that. It didn't disagree, but it remained that it's the district court, and thus far, there are two district court decisions holding that it remains not an act of predicate. Essentially, MacArthur's holding is still good law, and those cases have not been appealed under this circumstance. I mean, the court can certainly opine on the choice of law issue. We are absolutely not arguing that this court uses its own precedent over the Circuit of Conviction. I think it's clear from Davenport that where the Circuit of Conviction would not provide relief, then this circuit can't use its own law. 2241 is not a way for prisoners to try to game the system by going to prisons and different circuits, but that's just not what we have here. We have two circuits that are in agreement, and the mere possibility that the government at some point in the future might convince the Eighth Circuit to go the other way, although so far, it hasn't convinced anyone of that, and that's simply not a basis. For leaving Dean Gunther in prison indefinitely, this here is Dean Gunther's first opportunity to show that he is serving an illegal armed criminal act sentence. It's his only opportunity to show that. He's not going to get another one. Ms. Spike, to what degree does your argument depend on understanding Mathis to be a new rule, a sort of a sea change kind of decision? The district court here didn't think it was, spoke in the language of retroactivity, but to what extent is that driving your argument? Well, all that matters for the Savings Clause test is that it's new in the Davenport sense, and it's really important because this gets pretty confusing in the case law, because newness is talked about in terms of retroactivity with Teague, and then there's timing issues that talk about newness, but we know that Davenport was not talking about Teague's new rule of constitutional law because it's specifically about a statutory interpretation case. And the Supreme Court has repeatedly said that a statutory interpretation case is never a new rule in the sense that we talk about it with constitutional rules because it's merely saying what the statute has always said since it's been enacted. And so the Davenport rule is about a new case that essentially lifts the law that was previously foreclosing relief. There was previously an impediment to Dean Gunther proving that he was not an armed group criminal. Mathis has lifted that impediment and finally created this his first opportunity to show that he was illegally sentenced as an armed group criminal. Right. So I agree with a huge amount of what you said, and that the Supreme Court indulges in this fiction that now that we've announced on statutory interpretation, this is what the statute always meant, et cetera. But what's troubling me is that we have, in a couple of cases, tried to think about how big a change Mathis made. And in one of them, actually one of them was in 2016, Holt against the United States. One of them was last year, Hansen. Hansen argued that Mathis recognized a new right or maybe somehow was changing the statute. But there's language in Mathis itself in which the Supreme Court says, our precedents make this a straightforward case for more than 25 years. We have repeatedly made clear and so on and so on. So the Supreme Court's own language in Mathis tries to posture it as really a very logical successor to cases that go back as far as Taylor. So what do you make of that? Well, two things. First of all, it's just, again, newness under Davenport is just, it's a different thing that it's talking about here. But also, I mean, this court can access the briefs in Chazen, which went into this in a lot of detail. I believe, if I'm recalling correctly, that the period when Chazen could file a 2255 was within the de Camp's period. So there was all this complexity with what did de Camp's do versus what did Mathis do. Here, we don't even have to deal with that because there wasn't even de Camp's. Gunther's case, his direct appeal in his 2255 predated that. And so there is simply no question that his claim was utterly, utterly foreclosed. And to the extent that somebody could argue that de Camp's opened it up, Chazen clarified that because that was, again, heavily briefed. And even post de Camp's, the Eighth Circuit held absolutely not. This is not, divisibility doesn't work this way. And it took Mathis to finally push the Eighth Circuit into recognizing what the Supreme Court, of course, claimed it had always been saying, albeit perhaps with not the clarity that we needed. I will reserve the remainder of my time. Thank you. Mr. Glaser. May it please the Court, William Glaser for Warden Matthew Marski. I believe, based on Ms. Feist's argument, that perhaps the dispute today is a little bit narrower than I had originally thought. Because she said that if it were the case that her client, Mr. Gunther, could not obtain relief in the Eighth Circuit, then he wouldn't be able to obtain 2241 relief in this circuit. So it sounds like the dispute primarily is about, is not about this Court's decision in Chazen or some of these more complicated issues, but rather what the state of the law is presently in the Eighth Circuit. The, before the Supreme Court's decision in Quarles, the Eighth Circuit reasoned in the MacArthur case that the Minnesota burglary statute at issue here was not an act of predicate because the defendant did not have to have intent to commit a crime at the time that he entered the building. The Eighth Circuit said nothing about the sort of other argument that this Court eventually adopted in Van Cannon. So, Mr. Glaser, could I interrupt you there? Sure. Because one of the fundamental questions that bothers me a bit about your argument is that, you know, courts speak through their holdings and their judgments. You know, we don't reverse and remand to tell a district court to write a better opinion. We very frequently will say, you know, the rationale may not be A plus, but the result is correct. And you are arguing for a degree of deep diving into an opinion that I'm not sure is consistent with this rule, that it's the judgments of the court that make up the law. It's not the opinions. So it's the outcome. And so I recognize that the Eighth Circuit threw out a rationale originally, and that rationale may not work. But, of course, once a court has offered one rationale, opinions would be even worse and longer than they already are if you had to put six or seven alternative rationales every time you wrote an opinion. So I'm not sure that I want to go as far as you're going into the depths of the Eighth Circuit's rationales. Well, Your Honor, although I would agree that the court, the Eighth Circuit speaks only through its holding, it really, it chose one rationale, it accepted one rationale. But it didn't reject others. It didn't say not this, not that, not the other thing. I mean, that's how courts work. Parties present things and, you know, I'm worried that you're now putting on us the burden to make sure that we always throw two or three different rationales in just in case the Supreme Court one day disapproves of one of them. I don't think that's right, Your Honor. It's Mr. Gunther who has the burden of showing that he's entitled to Section 2241 relief. And what he's asking is for this court to assume that he would obtain relief in the Eighth Circuit on a basis that the Eighth Circuit has never, on an argument that the Eighth Circuit has never accepted. The one argument that the Eighth Circuit did accept is one that the Supreme Court just outright rejected in quarrels. There's really no way to argue that MacArthur is still good law because its rationale that the defendant doesn't have to have intent at the moment he enters the building, that rationale the Supreme Court soundly rejected. Now, there is another argument that this court accepted in Van Cannon, but the Eighth Circuit has never had an opportunity to address. Now, the Eighth Circuit may well have an opportunity to address that. To be clear, the district court opinions that Ms. Fite referenced, one of them the government did not appeal from, that was the Bew case. But the Raymond case actually is not yet ripe for appeal because the resentencing hasn't happened. So the Raymond case where the Eighth Circuit sent it back down, the district court accepted the alternative rationale from Van Cannon, the resentencing hasn't happened yet. So the government doesn't have an opportunity to appeal there. There's also another opinion from earlier this month called Bolt in the District of Minnesota. Similarly, granting 2255 relief. So there will likely be opportunities in the future for the Eighth Circuit to address this alternative Van Cannon argument. But at the present time- Would the government concede at that point, since there's no formal statute of limitations for 2241, that Mr. Gunther could bring a timely petition? Yes, Your Honor. I think we noted that at the end of our brief. You said something about that in your brief, but I wanted to nail you down because it seems extremely unfair to Mr. Gunther to spend an enormously long time in prison. Makes me wonder, should we hold this case and wait and see whether the Eighth Circuit decides to accept one of those appeals so that we can have some consistency in the law? Or are you conceding, you know, in black and white and orally that the government will not make an untimeliness argument or you've already raised this abuse of the writ sort of argument if he comes back, assuming the Eighth Circuit agrees with us and its district courts? Your Honor, yes. I mean, I would agree that it would not be an abuse of the writ. And there's, as you mentioned, there's no time limit. It wouldn't be an abuse of the writ for him to raise a 2241, to bring a 2241 petition after a decision in the Eighth Circuit, because that would be the decision that changed the law, which again is, is, is the relevant. The law is just blank in your view right now. It's not like the Eighth Circuit after Quarles has disapproved its earlier decision. I think your position has to be it just erased it since there is now no longer the rationale clarity that Quarles changed. That is correct. And the reason that that that that is important is that in Davenport, where this court first addressed the exception to basically first said that the saving clause allowed relief based on retroactive statutory decisions. Davenport's rationale was that there must be a change in the law. So there has to be law that precluded the defendant from bringing the claim earlier. All right. And this court has already concluded that there was that relevant law in the Eighth Circuit. But then there has to be a change in the law and the in the defendant's inability to obtain relief after that change in law is what creates the miscarriage of justice that this court recognized as being a central component of such a claim in Davenport. And at this point, there is nothing, there is no change in the law of the Eighth Circuit that would enable Mr. Gunther to obtain relief. Is that the Mr. Glazer? Is that form over substance, though, given what Mathis says? Your Honor, I don't believe it. I don't believe it is the again, you need to pick up from the government's perspective. The even this even the circuit has too broad a reading of the saving clause. But assuming that circuits precedent is absolutely correct, it's important to remember that at each successive stage of collateral litigation, the defendant has to meet a higher burden. So on 2255, first 2255, he could easily obtain relief if the Eighth Circuit. Again, if the Eighth Circuit law were in his favor, but sort of at each successive stage, he has a higher burden. And here, his burden is to show that he was foreclosed from raising an argument at the time of his first 2255. And Jason has now resolved that issue in his favor. But he also has to show that there's been a change in law such that to deny him relief would constitute a miscarriage of justice. So the government can manipulate that by just never appealing in the Eighth Circuit, right? You can keep this guy in prison forever if you just leave it alone. Your Honor, if we if we never challenged any of the district court decisions in the District of Minnesota, I think that might be a different situation. But at this point, it's an open question. And so at the very least, his claim is. Explain why you think it would be different. Well, Your Honor, if I think the question would would likely eventually reach the Eighth Circuit, but but if it didn't, then he could bring a claim effectively saying that he hasn't had that the law has changed. Now, again, changing the law in a district court decision would be we don't think that that's that that's right. It's actually, I think, a consistent reading of Davenport to say the change of law needs to come from the Supreme Court. But the fact that he is denied relief here is really a function of the Supreme Court's decision in quarrels and the increasing obligations that are placed upon a litigant who's seeking collateral review when he's already exhausted his first section in 2255 claim. So although the results definitely seem harsh, it's a result that that, in our view, is of collateral relief itself. Mr. Glaser, is there any daylight between the Minnesota District Court decisions and this alternative rationale in Van Cannon? No, Your Honor, they they essentially accepted Van Cannon and buttressed it with some additional arguments. We believe that the that those arguments are incorrect for reasons that we stated in a supplemental brief in Chazen. Chazen actually had didn't address that issue at all. And simply said that Van Cannon has already decided this. And so Chazen did not address the government's arguments that actually it's not it doesn't require an intentional crime be committed within the building, but rather it requires some crime be committed and that that therefore could embrace reckless and ignorant crime. So we think those district court decisions are incorrect, but we'll have to litigate those in future cases. But at this stage, we don't think that Mr. Gunther has satisfied the requirements for saving clause relief. Before we conclude, why shouldn't we just hold you to your litigating position in the district court? Your Honor, for the reasons we. Sure, for the reasons we explain in the brief in the district court, we did not make a binding concession that this court's law applied. In fact, we at the time, Eighth Circuit law was clear, so we were focused on this court's law. Subsequently, this court's law was clarified by Van Cannon, but we certainly did not make a binding concession that only this court's law mattered and that he could obtain relief regardless of the law in the Eighth Circuit. And how is that different from Chazen? In Chazen, Your Honor, we said that this court was bound to apply Seventh Circuit law. So the bound to apply language was much stronger here. We noted that there was actually that the question was resolved in the Eighth Circuit, and we twice mentioned that the court might choose to apply Eighth Circuit law. Thank you. Thank you. Thank you. Could I have a little bit more time on my clock, Your Honor? Yes, that's fine. You can have a minute. Thank you. I just want to respond to a couple of things. First of all, I just I do hope, and I'm sure you will, that Your Honors look at the writing of the government's briefs in the district court and you can compare their language. But more importantly, I just want to emphasize how unworkable the government's position in this case is. The change in law that Dean Gunther is relying on is the change in Mathis. In fact, I don't know if you hear what he's saying, but that we would have to wait for a savings clause test does not allow the change in law to come from a circuit decision. It must come from a Supreme Court decision. So the government here is saying, oh, we won't make a timeliness argument if Dean Gunther comes back, but it will make an argument that we're not permitted to rely on the circuit decision that it's currently telling us we have to wait for, although it's Mathis that lifted the cases that previously foreclosed relief. Thank you. All right. Thank you very much. Our thanks to both counsel. The case is taken under advisement and that concludes today's calendar. Thank you. Thank you.